■ SEA-LAND DREDGING CORP., Appellant, v NEW YORK TELEPHONE COMPANY, Respondent, et al., Defendants. (And Two Other Actions.)—Order and judgment (one paper), Supreme Court, New York County, entered April 17, 1975, granting the defendant New York Telephone Company's motion to amend its answer to include the affirmative defense of release and for dismissal of the complaint based on that defense, affirmed. Respondent shall

recover of appellant $60 costs and disbursements of this appeal. Plaintiff Sea-Land Dredging Corp. subcontracted in June, 1968 to do dredging for defendant Vacar Construction Corp. in connection with Vacar's construction contract of 1967 with the defendant Triborough Bridge & Tunnel Authority. Before dredging commenced, defendant New York Telephone Company contracted with International Underwater Contractors to bury its underwater telephone cables below the depth of Sea-Land's contemplated operations. After assurance from the telephone company that International Underwater's work had been completed, Sea-Land began dredging on November 5, 1968. The same day its dredge was damaged when it struck the telephone company's cables. In November, 1969, Sea-Land commenced suit, alleging a single cause of action sounding in negligence, to recover its damages from Vacar, the Telephone Company and Triborough, discontinuing later against Triborough. Vacar had never appeared in any pretrial proceedings and it was not until after a jury had been drawn and Vacar and Sea-Land stipulated to discontinue the latter's action against Vacar pursuant to a general release between them dated May 1, 1969 that the telephone company learned of the existence of such a release. It thereupon sought the order of amendment of its answer and dismissal of Sea-Land's complaint from the granting of which appeal has been taken. The effective law at the time the release was executed, although not now (General Obligations Law, § 15-108), was that a release given to one joint tortfeasor, without reservation, would operate to release all joint tortfeasors *(Malvica v Blumenfeld,* 28 NY2d 851). Leave to amend should be granted freely (CPLR 3025, subd [b]) and leave was properly granted here. The telephone company had no knowledge of the release until the stipulation between Vacar and Sea-Land was put on the record and there can be no prejudice to Sea-Land since it was always aware of it and can be presumed to have known its effect, especially because president, who signed it, was an attorney. Without distinguishing the part played by each defendant, the complaint alleges the three to have been joint tort-feasors, and, while it does recite the contract between Sea-Land and Vacar, it does not allege any cause of action based on it. The discontinuance of the action against Vacar was based on the fact of the release. The release itself recited the contract between the parties but released all causes of action without limitation and was entered into after the damages sought to be recovered had been incurred. Concur—Stevens, P. J., Markewich and Lynch, JJ; Lane and Nunez, JJ., dissent in part in the following memorandum by Nunez, J.: In my view, Special Term properly granted the New York Telephone Company's motion to amend its answer to include the affirmative defense of release, but erred in dismissing the complaint on said defense. Plaintiff denies that the subcontractor, Vacar Construction Corp., in whose favor plaintiff executed and delivered a general release in 1969, was a joint tort-feasor with the defendant-respondent, the New York Telephone Company. My reading of the record reveals no tortious act committed by Vacar. Plaintiff contends the release was executed in the regular course of business pursuant to the contract between Vacar and plaintiff, and was not given in satisfaction of the tort alleged in the complaint against the New York Telephone Company, Vacar Construction Corp. and another. Plaintiff requested a hearing and permission to call a witness in support of its contention, but the court denied the request and dismissed the complaint against the telephone company. True, at the time the release was given, the law of New York State provided that the release of one joint tortfeasor without reservation released the other joint tortfeasors. (See General Obligations Law § 15-108 for the current status of New

York law.) But the plaintiff should have been permitted to show, as it offered to do, that the release was given pursuant to a contract with the releasee, and not for any tort claim against the latter. This crucial issue is properly raised in the record and I fail to find any justification for disposing of it summarily. I would modify by reversing the dismissal of the complaint and otherwise affirm.